IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
MALIA LARGEY,                      )   CIVIL NO. 08-00471 HG-LEK
                                   )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
TRIWEST HEALTHCARE ALLIANCE        )
CORPORATION, DOE INDIVIDUALS       )
1-10 AND DOE ENTITIES 1-10,        )
                                   )
          Defendants.              )
_____    )
```

## FINDINGS AND RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Before the Court, pursuant to a designation by Senior United States District Judge Helen Gillmor, is Defendant Triwest Healthcare Alliance Corporation's ("Defendant") Motion to Dismiss Complaint Filed October 20, 2008 ("Motion"), filed April 20, 2009.  Plaintiff Malia Largey ("Plaintiff") filed her memorandum in opposition on May 19, 2009.  Defendant filed its reply on June 4, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court HEREBY FINDS and RECOMMENDS that Defendant's Motion be DENIED.

## BACKGROUND

In January 2007, Plaintiff began working for Defendant

as a full-time customer service representative. [Complaint at ¶ 12.] Plaintiff received favorable evaluations, certificates of achievement, and pay raises throughout her employment. [Id. at ¶¶ 14-15.]

In June 2007, Defendant hired a new customer service representative, who Plaintiff alleges repeatedly sexually harassed her until Plaintiff's employment terminated. On October 17, 2007, Plaintiff reported her co-worker's sexual harassment to her supervisors; later that day, she was reprimanded for sending text messages to her co-worker voicing her objections to the harassment. [Id. at ¶¶ 16-20.]

On November 8, 2007, Plaintiff met with her supervisor concerning pay raises she believed she was entitled to. During that meeting Plaintiff's supervisor assured her that she was doing fine. The following day, Plaintiff's supervisor terminated her employment for attendance reasons. [Id. at ¶¶ 21-22.]

Plaintiff filed a sex discrimination and retaliation complaint against Defendant with the Hawaii Civil Rights Commission ("HCRC"), which was then dual filed with the Equal Employment Opportunity Commission ("EEOC"). [Id. at ¶ 25.]

On July 10, 2008, Plaintiff faxed letters to the HCRC and the EEOC, requesting right-to-sue letters from both agencies. [Exhs. A & B to Mem. in Opp.] Plaintiff received a right-to-sue letter dated August 14, 2008 from the HCRC. [Exh. C to Mem. in

Opp.]

On October 20, 2008, Plaintiff filed her Complaint in the instant action pursuant to Title VII of the Civil Rights Act of 1964 and the corresponding state law.  The Complaint alleges that Defendant discriminated against Plaintiff by fostering a hostile work environment in which she was subjected to sexual harassment by a co-worker, and by retaliating against her for reporting such sexual harassment.  Plaintiff also alleged intentional infliction of emotional distress and breach of an implied contract.  [Complaint at ¶¶ 26-37.]

On November 10, 2008, believing Plaintiff had not yet received the right-to-sue letter, Plaintiff's counsel faxed a second letter to the EEOC requesting the letter.  [Exh. E to Mem. in Opp.]  On March 24, 2009, Plaintiff's counsel telephoned the EEOC to determine the status of the right-to-sue letter, and was informed that the letter was mailed to Plaintiff's home address on July 28, 2008.  Plaintiff located the letter at her home. [Mem. in Opp., Decl. of Chantelle Raquedan at ¶¶ 6-7.]  On March 31, 2009, Plaintiff served Defendant with the Complaint.

In the instant Motion, Defendant argues that the Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to serve Defendant within 120 days of filing the Complaint.

In her memorandum in opposition, Plaintiff argues that

she had good cause for the untimely service.  Plaintiff asserts that she was awaiting the right-to-sue letter from the EEOC, and that she demonstrated a good faith effort to obtain the right-to-sue letter before serving Defendant.

In its reply, Defendant argues that Plaintiff's contention is insufficient to meet the good cause standard required to avoid dismissal.

## DISCUSSION

### I. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Ninth Circuit has found it unnecessary "to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)."  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).  This Court has broad discretion when reviewing a motion to dismiss and may elect to extend the time for service or to dismiss a complaint without prejudice, regardless of whether the plaintiff shows good cause.  See id.

A plaintiff may demonstrate good cause by establishing the following: "(a) the party to be served personally received

4

actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if the complaint were dismissed." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)).  A plaintiff's showing of good cause, at a minimum, requires demonstrating excusable neglect.  See id. Excusable neglect is "a somewhat elastic concept" and should not be narrowly construed.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) (citation and quotation marks omitted).

The Supreme Court has stated that the determination of whether a plaintiff's actions constitute excusable neglect:

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [plaintiff], and whether the [plaintiff] acted in good faith.[1]

Id. at 395 (citation omitted).  Further, the Ninth Circuit has

---

[1] The Sixth Circuit adopted the Ninth Circuit's five-factor approach for the determination of whether a party meets the excusable neglect standard.  In re Pioneer Inv. Servs. Co., 943 F.2d 673, 677 (6th Cir. 1991) (citing In re Dix, 95 B.R. 134 (Bankr. 9th Cir. 1988).  On appeal, the Supreme Court rejected the fifth factor, "whether clients should be penalized for their counsel's mistake or neglect[,]" Pioneer, 507 U.S. at 385, finding it inconsistent with its prior decisions and maintaining that clients must "be held accountable for the acts and omissions of their chosen counsel."  Id. at 396-97.

noted that "'the weighing of <u>Pioneer</u>'s equitable factors' must be left 'to the discretion of the district court in every case.'" <u>Mendez v. Knowles</u>, 556 F.3d 757, 765 (9th Cir. 2009) (quoting <u>Pincay v. Andrews</u>, 389 F.3d 853, 860 (9th Cir. 2004)).

**II.   Pioneer Factors**

To avoid dismissal, Plaintiff must show, at a minimum, that her actions demonstrate excusable neglect.  This Court finds it appropriate to apply the four factors of the <u>Pioneer</u> test in determining the outcome of Defendant's Motion.

**A.   The Danger of Prejudice to Defendant**

In the present case, Defendant has not alleged in its Motion or reply that it will suffer prejudice absent a dismissal. Further, upon examining the record, this Court does not find any danger of prejudice to Defendant if its Motion is denied.  This Court finds that the first factor weighs in favor of Plaintiff.

**B.   The Length of Delay**

Plaintiff filed the Complaint on October 20, 2008, and served Defendant on March 31, 2009.  Plaintiff was required to serve Defendant on or before February 17, 2009 to comply with the 120-day time limit specified by Rule 4(m).

Plaintiff's delay in serving Defendant was no more than forty-two days beyond the deadline.  Plaintiff's delay was relatively short, and is unlikely to substantially impact or delay judicial proceedings.  Further, Plaintiff's untimely

service is distinguishable from the kinds of delays discussed in the cases that Defendant cited.  See McWherter v. CBI Servs., Inc., 153 F.R.D. 161 (D. Haw. 1994) (granting dismissal because the plaintiff's service to the wrong agent was insufficient and the court lacked personal jurisdiction); see also Quinn v. Cornerstone Strategic Advisors, LLC, No. 04CV2417 JAH(AJB), 2007 WL 2462112 (S.D. Cal. Aug. 27, 2007) (granting dismissal because the court found no good cause, and further declining to grant a discretionary extension of time given that the plaintiff failed to effect service upon the defendants until nearly three years after filing the original complaint).

In the present case, this Court finds that the length of the delay and its potential impact on judicial proceedings are minimal, and therefore the second factor also weighs in favor of Plaintiff.

### C. **The Reason for Delay**

Given that Plaintiff's misplacement of the EEOC right-to-sue letter was the source of the untimely service, this Court finds that the third factor weighs in favor of Defendant.

### D. **Whether Plaintiff Acted in Good Faith**

This Court finds that the actions described in Plaintiff's memorandum in opposition show that she acted in good faith.  Despite having misplaced the EEOC right-to-sue letter, Plaintiff demonstrated good faith when her counsel made efforts

to follow up with the EEOC regarding the letter.  Further, the EEOC never responded to Plaintiff's second request, nor did the EEOC ever indicate prior to the March 24, 2009 telephone call that the right-to-sue letter had already been issued.  As soon as Plaintiff located the EEOC's letter, she served Defendant with the Complaint within a week.  Plaintiff's actions establish that she actively pursued her claim and made a good faith effort to obtain the right-to-sue letter.

      Defendant asserts that Plaintiff's reason for untimely service, namely believing that she had to wait for the EEOC right-to-sue letter, constitutes a misunderstanding of the law.  Defendant, however, makes false assumptions about the dual filing system in this state.  Defendant argues that Hawaii's dual filing system allows an employee to file suit on both state law and federal law claims upon receipt of a right-to-sue letter from either the EEOC or the HCRC.  [Reply at 4.]  Defendant cites no legal authority in support of this proposition, nor has this Court found any.  Although the filing of an administrative complaint before either agency constitutes a dual filing, this principle does not apply to the right-to-sue letter.  Plaintiff's failure to serve the Complaint until she obtained the right-to-sue letter from the EEOC does not warrant dismissal.[2]

---

[2] This Court notes that the better practice would have been for Plaintiff to file a motion for an extension of time to serve the Complaint.  Although Plaintiff did not do so in this case,

After balancing the four <u>Pioneer</u> factors, with particular emphasis on the fourth factor, this Court finds that they weigh in favor of Plaintiff and is persuaded that Plaintiff's actions constitute excusable neglect.  This Court therefore FINDS that Plaintiff has established good cause for an extension of time to serve the Complaint under Rule 4(m).

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion to Dismiss Complaint Filed October 20, 2008, filed April 20, 2009, be DENIED.  This Court RECOMMENDS that the district judge: 1) deem the service of Plaintiff's Complaint on March 31, 2009 to be timely; and 2) direct Defendant to answer the Complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 20, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MALIA LARGEY V. TRIWEST HEALTHCARE ALLIANCE CORPORATION, ET AL; CIVIL NO. 08-00471 HG-LEK; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS COMPLAINT**

---

the Court finds that this does not indicate a lack of good faith.